IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: 3:16-CV-281 ) |
| MID-CON ENERGY PARTNERS, LP, RDT PROPERTIES, INC., MID-CON ENERGY CORPORATION, MID-CON ENERGY PROPERTIES, LLC, MID-CON ENERGY OPERATING, INC., MID-CON ENERGY III, LLC, MID-CON ENERGY IV, LLC, MID-CON ENERGY OPERATING, LLC, CHARLES RANDALL OLMSTEAD, and RAYMOND EDWARD PENICK | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

## VERIFIED COMPLAINT & APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff, Travelers Casualty and Surety Company of America, files its Verified Complaint & Application for Injunctive Relief against Defendants, Mid-Con Energy Partners, LP, RDT Properties, Inc., Mid-Con Energy Corporation, Mid-Con Energy Properties, LLC, Mid-Con Energy Operating, Inc., Mid-Con Energy III, LLC, Mid-Con Energy IV, LLC, Mid-Con Energy Operating, LLC, Charles Randall Olmstead, and Raymond Edward Penick (collectively "Defendants" or "Indemnitors") and respectfully states:

## PARTIES

1. Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut corporation maintaining its principal place of business at One Tower Square, Hartford, Connecticut 06183, and is authorized to do business in the State of Texas.

**EXHIBIT 7**

2. Mid-Con Energy Partners, LP is a Delaware partnership with its principal pace of business located in Dallas, Texas and is authorized to conduct business in the State of Texas. Mid-Con Energy Partners, LP may be served with process through its registered agent, Nathan P. Pekar, 2501 N. Harwood, Suite 2410, Dallas, Texas 75201

3. RDT Properties, Inc. was an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Per the Oklahoma Secretary of State, RDT Properties, Inc. was converted to Mid-Con Energy Operating, Inc. Mid-Con Energy Operating, Inc. was then converted to Mid-Con Energy Operating, LLC, and may be served with process through its registered agent Nathan P. Pekar, 2501 N. Harwood, Suite 2410, Dallas, Texas 75201.

4. Mid-Con Energy Corporation is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Mid-Con Energy Corporation can be served with process through its registered agent, Charles Randall Olmstead, 5727 S. Lewis Ave., Ste. 640, Tulsa, Oklahoma 74105.

5. Mid-Con Energy Properties, LLC is a Delaware corporation with its principal pace of business located in Tulsa, Oklahoma, and is authorized to conduct business in the State of Texas. Mid-Con Energy Properties, LLC may be served with process through its registered agent, Nathan P. Pekar, 2501 N. Harwood, Suite 2410, Dallas, Texas 75201.

6. Mid-Con Energy Operating, Inc. was an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma, and was authorized to conduct business in the State of Texas. Per the Texas Secretary of State, Mid-Con Energy Operating, Inc. was converted to Mid-Con Energy Operating, LLC and may be served with process through its registered agent Nathan P. Pekar, 2501 N. Harwood, Suite 2410, Dallas, Texas 75201.

7. Mid-Con Energy III, LLC is a Delaware corporation with its principal place of business in Tulsa, Oklahoma, and is authorized to conduct business in the State of Texas. Mid-

Con Energy III, LLC may be served with process through its registered agent, Nathan P. Pekar, 2501 N. Harwood, Suite 2410, Dallas, Texas 75201.

8. Mid-Con Energy IV, LLC is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Mid-Con Energy IV, LLC may be served with process through its registered agent, Rex McPhall, 2431 E. 61st Street, Ste. 850, Tulsa, Oklahoma 74136.

9. Mid-Con Energy Operating, LLC is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma, and is authorized to conduct business in the State of Texas. Mid-Con Energy Operating, LLC may be served with process through its registered agent, Nathan P. Pekar, 2501 N. Harwood, Suite 2410, Dallas, Texas 75201.

10. Charles Randall Olmstead is an individual resident of the State of Oklahoma and may be served with process at 6540 S. Gary Ave., Tulsa, Oklahoma 74136.

11. Raymond Edward Penick is an individual resident of the State of Oklahoma and may be served with process at 11720 S. Hudson Place, Tulsa, Oklahoma 74137.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332(a)(l)-(a)(2) as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Venue is proper in this District pursuant to 28 U.S. C. § 1391.

## NATURE OF THE CASE

14. At the request of the Indemnitors, Travelers, as surety, issued numerous bonds in favor of various obligees on projects throughout the United States. The bonded obligations of Travelers—owed to a variety of governmental entities—include reclamation, payment of taxes, and compliance with environmental laws and regulations. Of these bonds, the Indemnitors have failed to discharge Travelers from the following:

| Principal | Bond # | Limit | Obligee Name |
|---|---|---|---|
| Mid-Con Energy III, LLC | 105858918 | $150,000.00 | US Department of the Interior |
| Mid-Con Energy IV, LLC | 105858919 | $150,000.00 | US Department of the Interior |
| Mid-Con Energy Operating LLC | 105996648 | $25,000.00 | Oil & Gas Inspector for the City of Oklahoma City, OK |
| Mid-Con Energy Operating LLC | 104195946 | $60,000.00 | State of Colorado Oil & Conservation Commission |
| Mid-Con Energy Operating LLC | 104195947 | $50,000.00 | Anadarko E & P Company |
| Mid-Con Energy Operating LLC | 105996641 | $30,000.00 | Kansas Corporation Commission, Conservation Division |
| Mid-Con Energy III, LLC | 105592155 | $150,000.00 | US Department of the Interior, Bureau of Land Management |
| Mid-Con Energy Operating LLC | 105592154 | $150,000.00 | US Department of the Interior, Bureau of Land Management |
| Mid-Con Energy Operating LLC | 105592149 | $250,000.00 | Texas Railroad Commission |
| ME3 Field Service, LLC | 105592153 | $25,000.00 | Oklahoma Corporation Commission |
| Mid-Con Energy Operating LLC | 105858926 | $25,000.00 | Oklahoma Corporation Commission |
| Mid-Con Energy Operating LLC | 100033476 | $25,000.00 | Oklahoma Secretary of State |
| Mid-Con Energy Operating LLC | 105387651 | $1,000.00 | City of Lone Grove |
| Mid-Con Energy Operating LLC | 104648707 | $125,000.00 | Louisiana Office of Conservation |
| Mid-Con Energy Operating LLC | 104991647 | $100,000.00 | Industrial Commission of North Dakota |
| Mid-Con Energy Operating LLC | 105996644 | $256,000.00 | US Department of the Interior, Bureau of Indian Affairs |
| Mid-Con Energy Operating LLC | MU8499 | $10,000.00 | State of Oklahoma |
| Mid-Con Energy Operating LLC | MU8424 | $549.00 | US Department of the Interior, Bureau of Indian Affairs |
| | **Aggregate Penal Limit** | **$1,582,549.00** | |

15.     As set forth above, the face amount of undischarged or potential liability of Travelers under the Bonds is $1,582,549.

16.     In consideration for and specifically to induce Trave1ers to furnish the Bonds, RDT Properties, Inc., Mid-Con Energy Corporation, LLC, Randy Olmstead and Raymond Penick executed a General Contract of Indemnity on or about November 5, 2005; Mid-Con Energy Partners, LP, Mid-Con Energy Properties, LLC, Mid-Con Energy Operating, Inc., Mid-Con Energy III, LLC, and Mid-Con Energy IV, LLC executed a General Contract of Indemnity on or

about January 10, 2012; and Mid-Con Energy Operating, LLC executed an Additional Indemnitor Rider to the 2012 General Contract of Indemnity on or about March 24, 2014 (collectively, the "Indemnity Agreements"). True and correct copies of the Indemnity Agreements are attached hereto as ***Exhibit "A"***.

17. Under the Indemnity Agreements, the Indemnitors agreed, among other things, that:

> 5.(a) Indemnitors shall, within thirty (30) days of receipt of Company's written demand ("Discharge Demand"), procure the full and complete discharge of the Company from any and all Bond(s) by providing competent written evidence of discharge satisfactory to Company, in its sole discretion. If Indemnitors fail to provide the aforementioned discharge[,] Indemnitors shall, within an additional seven (7) days, provide Company with an irrevocable letter of credit in form, content and by a bank acceptable to the Company. The letter of credit shall be in an amount equal to the total of all undischarged liability under said Bond(s), which liability shall be determined at the time of the Company's Discharge Demand. Collateral or letters of credit previously provided to Company may be utilized to establish compliance with this provision. If the undischarged liability subsequently increases, then it is the Indemnitors' responsibility to ensure continued compliance with this provision at all times.
>
> (b) Indemnitors waive, to the fullest extent permitted by law, each and every right they may have to contest this requirement. Indemnitors stipulate and agree that Company will not have an adequate remedy at law should Indemnitors fail to post said letter of credit and further agree as a result that Company is entitled to specific performance of this provision . . .
>
> . . .
>
> 9. If Company has or obtains collateral or letters of credit, Company shall not have any obligation to release collateral or letters of credit or turn over the proceeds thereof until it shall have received a written release in form and substance satisfactory to Company with respect to each and every Bond. Any collateral or letters of credit provided to Company by any Indemnitor or any third party, or the proceeds thereof, may be applied to any Loss.

Indemnity Agreements ¶¶5(a), 5(b) and 9.

18. This dispute involves unconditional rights of Travelers and specific obligations of the Indemnitors upon demand, to procure the full and complete discharge of Travelers under its surety bonds and/or to provide collateral in the full and total amount of all undischarged or potential liability and loss of Travelers in connection with the Bonds pursuant to the terms of the Indemnity Agreements. Travelers opted to exercise its unconditional rights under paragraph 5 after Mid-Con Energy Partners, LP (the "Partnership") announced that it was suspending payment of its quarterly cash distributions. Further, a bank line of credit for the Partnership was recently reduced from $220,000,000 to $190,000,000. Upon information and belief, the Partnership has approximately $184,000,000 outstanding on the line of credit and is required to pay $2,500,000 per month until the next credit redetermination is made in May of 2016.

19. Despite written demands from Travelers on December 10, 2015, and January 12, 2016, the Indemnitors have failed to procure the full and complete discharge of Travelers under the Bonds in the aggregate penal amount of $1,582,549. True and correct copies of the discharge demands are attached hereto as ***Exhibit "B"***.

20. Despite the written demands, the Indemnitors refused to provide an irrevocable letter of credit in favor of Travelers in the full amount of all undischarged liability and/or loss of Travelers under the Bonds. Therefore, the Indemnitors have disregarded and refused to perform their specific obligations and agreements contained in the Indemnity Agreements.

21. Travelers seeks and is entitled to injunctive relief and specific performance of the obligations of the Indemnitors under the Indemnity Agreements.

22. Travelers requests that this Court issue an Order compelling the Indemnitors to furnish an irrevocable letter of credit in favor of Travelers in the sum of $1,582,549 plus additional funds necessary to secure the expenses, court costs, and attorneys' fees expended and/or will be expended as necessary in order to enforce the Indemnity Agreements. Such relief

is specifically mandated by the Indemnity Agreements to ensure that Travelers will be able to secure enforcement of its unconditional rights provided by the Indemnity Agreements.

## COUNT ONE
**(Specific Performance and Injunction)**

23.     Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

24.     Despite the explicit and unambiguous language of the Indemnity Agreements and the written demand letters from Travelers, the Indemnitors have refused to perform or honor their specific obligations to procure the full and complete discharge of Travelers under the Bonds and/or to provide Travelers with an irrevocable letter of credit in the full and total amount of all undischarged or potential liability of Travelers in connection with the Bonds, including all losses, costs and expenses Travelers incurred or will incur in connection with the Bonds and/or to secure the enforcement of the specific obligations of the Indemnitors under the Indemnity Agreements.

25.     On December 10, 2015 and January 12, 2016, Travelers forwarded written demands to the Indemnitors, wherein Travelers specifically and unequivocally sought compliance with and performance of paragraph 5 of the Indemnity Agreements and to secure enforcement of the unconditional rights of Travelers.

26.     Despite these demands, the Indemnitors refused to perform their specific obligations under the Indemnity Agreements, as well as continued to fail to honor or perform such specific obligations despite further attempts of Travelers to secure compliance or performance by the Indemnitors of their explicit and unambiguous obligations under the Indemnity Agreements.

27.     The explicit and unambiguous language of the Indemnity Agreements afforded Travelers with unconditional rights and imposed specific obligations on the Indemnitors, simply upon demand, to procure the full and complete discharge of Travelers under the Bonds and/or to

provide an irrevocable letter of credit in the full and total amount of all undischarged or potential liability and loss of Travelers in connection with the Bonds.

28. The Indemnitors have refused to perform their specific obligations to procure the discharge of Travelers under the Bonds and/or to post collateral to secure all undischarged liability and loss of Travelers in connection with the Bonds.

29. As demonstrated above and as the Indemnitors specifically stipulated and agreed in paragraph 5(b) of the Indemnity Agreements, Travelers has no adequate remedy at law.

30. For these reasons, Travelers is entitled to specific performance by the Indemnitors of the provisions of the Indemnity Agreements relating to their specific obligations to procure the complete discharge of Travelers under the Bonds and/or to post collateral in the form of an irrevocable letter of credit in favor of Travelers in the sum of $1,582,549 to secure all undischarged liability and loss of Travelers in connection with the Bonds and/or in the enforcement of the Indemnity Agreements.

31. Travelers will be subjected to immediate or irreparable harm, in that the Indemnitors may be unable to perform or meet their specific obligations under the Indemnity Agreements and/or Travelers will be unable to secure enforcement of its unconditional rights thereunder.

32. It is plain that, in evaluating the balance of equities, they favor the unconditional rights of Travelers under the Indemnity Agreements and the entitlement of Travelers to enforce such unconditional rights and to require the Indemnitors to specifically perform their clear obligations thereunder.

33. Based on the failure of the Indemnitors to perform their contractual obligations, Travelers is entitled to injunctive relief from this Court, compelling the Indemnitors (a) to perform their specific obligations, which the Indemnitors are specifically obligated to perform under the Indemnity Agreements, (b) to procure the complete discharge of Travelers under the

Bonds and/or (c) to provide collateral in the form of an irrevocable letter of credit in favor of Travelers in the sum of $1,582,549 to secure the face amount of the undischarged liability of Travelers under the Bonds.

## COUNT TWO
### (Collateral Security)

34. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

35. The Indemnitors specifically agreed to procure the full and complete discharge of Travelers under the Bonds and/or to provide an irrevocable letter of credit or collateral in an amount of money sufficient to satisfy "all" undischarged or potential liability in connection with the Bonds, including, but not limited to, "any Loss" incurred in order to secure the compliance of the Indemnitors and the enforcement of the Indemnity Agreements.

36. The Indemnitors have refused to honor or perform its specific obligations under the Indemnity Agreements to provide collateral sufficient to protect Travelers, despite written demand letters from Travelers and its further attempts to secure compliance or performance by the Indemnitors.

37. In addition to the amount of money to satisfy the liability exposure of Travelers on the face of the Bonds in the sum of $1,582,549 to satisfy the amounts Travelers has lost or may incur in connection with the Bonds and/or in order to secure the enforcement of the Indemnity Agreements.

## COUNT THREE
### (Declaratory Judgment)

38. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

39. As set forth above, the Indemnitors have refused to perform or honor their specific obligations under the Indemnity Agreements to procure the complete discharge of

Travelers under the Bonds and/or to post collateral to secure all undischarged liability and loss of Travelers in connection with the Bonds, despite Travelers' written demand letter.

40. The Indemnitors have failed to comply with and continues to disregard their specific obligations under the Indemnity Agreements, despite the written demand letters issued by Travelers and its further attempts to secure compliance or performance by the Indemnitors.

41. There are actual and justiciable controversies between Travelers and the Indemnitors. A declaratory judgment issued by this Court will resolve outstanding issues between Travelers and the Indemnitors, and allow Travelers to enforce its unconditional rights and hold the Indemnitors to their specific obligations under the Indemnity Agreements.

42. By reason of the foregoing, Travelers is entitled to a declaratory judgment from this Court proclaiming under the Indemnity Agreements: that Travelers has unconditional rights; that the Indemnitors have specific obligations, upon demand; and that the Indemnitors must procure the full and complete discharge of Travelers under the Bonds and/or post collateral in the form of an irrevocable letter of credit in the sum of $1,582,549 to secure all undischarged liability and loss of Travelers in connection with the Bonds and/or in the enforcement of the Indemnity Agreements as the Indemnitors have refused to perform its specific obligations thereunder despite the written demand of Travelers.

## COUNT FOUR
### (Breach of Contract)

43. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

44. As set forth above, the Indemnitors have refused to perform or honor their specific obligations under the Indemnity Agreements to procure the complete discharge of Travelers under the Bonds and/or to post collateral to secure all undischarged liability and loss of Travelers in connection with the Bonds, despite the written demand from Travelers.

**COUNT FIVE**
**(Recovery of Attorneys' Fees and Interest)**

45. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

46. Travelers is entitled to recover its attorneys' fees and expenses from the Indemnitors under the Indemnity Agreements.

**PRAYER FOR RELIEF**

**WHEREFORE,** Travelers Casualty and Surety Company of America respectfully requests that Mid-Con Energy Partners, LP, RDT Properties, Inc., Mid-Con Energy Corporation, Mid-Con Energy Properties, LLC, Mid-Con Energy Operating, Inc., Mid-Con Energy III, LLC, Mid-Con Energy IV, LLC, Mid-Con Energy Operating, LLC, Charles Randall Olmstead, and Raymond Edward Penick be cited to appear and answer herein, and that Travelers receive:

1. On count one against the Indemnitors, compelling the Indemnitors to perform its specific obligations to procure the full and complete discharge of Travelers Casualty and Surety Company of America under the Bonds;

2. On count two against the Indemnitors compelling the Indemnitors to post additional collateral in the form of an irrevocable letter of credit in favor of Travelers Casualty and Surety Company of America in the sum of $1,582,549, plus additional funds necessary to secure the loss, costs, expenses, court costs and counsel fees expended and/or will be expended as necessary in order to enforce the Indemnity Agreements;

3. On count three against the Indemnitors, declaring that the Indemnitors are obligated under the Indemnity Agreements to procure the full and complete discharge of Travelers Casualty and Surety Company of America under the Bonds and/or to post additional collateral in the form of an irrevocable letter of credit in the sum of $1,582,549

in order to secure all undischarged liability and loss of the plaintiff in connection with the Bonds and/or in the enforcement of the Indemnity Agreements;

4. On count four against the Indemnitors, judgment against the Indemnitors in the amount of damages incurred by Travelers caused by the Indemnitors' breach of contract;

5. On count five against the Indemnitors, judgment against the Indemnitors in the amount of attorneys' fees and expenses incurred by Travelers;

6. Costs of this suit; and

7. Such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**KREBS FARLEY, PLLC**

By: */s/ Ryan D. Dry*
Ryan D. Dry
State Bar No. 24050532
Amy M. Bernadas
State Bar No. 24041478
2201 West Plano Parkway, Suite 151
Plano, TX 75075
(214) 945-3026 Telephone
(214) 945-3021 Facsimile
rdry@kfplaw.com
abernadas@kfplaw.com

**ATTORNEY FOR PLAINTIFF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint and the factual allegations thereof and the facts alleged therein are true and correct.

Executed this 1st day of ~~January~~ February, 2016.

*Laura M. Murphy*
Laura M. Murphy
Representative for Travelers Casualty and Surety Company of America